UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| LANCE LACONI,<br>        Plaintiff, | )<br>)<br>)<br>)<br>) |   |
| v. | )<br>) | CIVIL ACTION<br>NO. 25-CV-10107 |
| MICHAEL GHOSH,<br>        Defendant. | )<br>)<br>)<br>) |   |

**ORDER**

**December 24, 2025**

**Hennessy, M.J.**

      Plaintiff Lance Laconi ("Laconi") filed this suit on January 15, 2025, bringing claims of Misrepresentation and Fraud/Deceit in violation of 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). [Dkt. No. 1, at ¶¶ 32]. The Complaint names Michael Ghosh ("Ghosh") as the Defendant. Id. at ¶ 1. Defendant filed his Answer on May 23, 2025. [Dkt. No. 18]. On July 1, 2025, Defendant filed this Motion to Transfer Case to the Southern District of Indiana. [Dkt. No. 23]. Plaintiff filed his Opposition to Defendant's Motion to Transfer Case on July 10, 2025. [Dkt. No. 25]. The parties appeared before the Court for a hearing on the matter on December 19, 2025. For the reasons that follow, Ghosh's Motion to Transfer Case to the Southern District of Indiana is DENIED.

    **I.**    **FACTUAL BACKGROUND**

      This matter arises out of the Chapter 7 Bankruptcy case of Luke Leon Tooley brought in the United States Bankruptcy Court for the District of Massachusetts. [Dkt. No. 1, ¶¶ 1, 6-13]. Laconi filed a Proof of Claim ("POC 2") in Tooley's case, asserting a total claim of $9,200.00. Id. at ¶ 7. Subsequently, Ghosh filed a Proof of Claim ("POC 3") in Tooley's case, asserting a $159,567.13 claim and claiming that $47,300.51 of his claim was entitled to priority

1

status as a domestic support obligation. Id. at ¶ 8. With respect to Ghosh's $47,300 priority general unsecured claim, $7,500.00 was distributed to Ghosh from Tooley's bankruptcy estate. Id. at ¶ 9. Laconi now alleges that Ghosh falsely claimed to have a priority claim during the bankruptcy proceeding and thus Laconi's distribution was diminished when Ghosh's claim was treated as priority. Id. at ¶¶ 9-13.

## II. STANDARD FOR PROPER VENUE AND FACTORS GOVERNING TRANSFER

There are three avenues for establishing proper venue:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). To effectuate 28 U.S.C. § 1391, 28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "As a threshold matter, the Court must determine whether this action could have properly been brought in the transferee court." Boateng v. General Dynamics Corp., 460 F. Supp. 2d 270, 274 (D. Mass. 2006).

It is then within the discretion of the district court "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org. Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). In making such a determination, the district court must consider various factors, including "1) the plaintiff's choice of forum, 2) the convenience of the parties, 3) the convenience of witnesses and location of documents, 4) any connection between the forum and the issues, 5) the law to be applied and 6) the state or public

interest at stake." Kleinerman v. Luxtron Corp., 107 F. Supp. 2d 122, 125 (D. Mass. 2000). Of these factors, the plaintiff's choice of forum is entitled to "great weight." Boateng, 460 F. Supp. 2d at 275 (quoting Fairview Mach. & Tool Co., Inc. v. Oakbrook Int'l, Inc., 56 F. Supp. 2d 134, 141 (D. Mass. 1999)). "A presumption in favor of plaintiff's choice of forum exists, and the burden of proving that transfer is warranted rests with the defendant." Id. (quoting Princess House, Inc. v. Lindsey, 136 F.R.D. 16, 18 (D. Mass 1991)).

### III. ANALYSIS

#### a. This action could have properly been brought in the Southern District of Indiana.

As noted, "the Court must determine whether this action could have properly been brought in the transferee court" as a threshold matter. Id. at 274. As stated in 28 U.S.C. § 1391, there are three places where venue is proper. 28 U.S.C. § 1391. This suit was filed by the plaintiff in the District of Massachusetts consistent with 28 U.S.C. § 1391(b)(2) as the District of Massachusetts is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2). However, 28 U.S.C. § 1391(b)(1) allows for a suit to be brought in "a judicial district in which any defendant resides[.]" 28 U.S.C. § 1391(b)(1). The only defendant in this case, Michael Ghosh, maintains a principal place of residence in the State of Indiana, and thus the case could have been brought there pursuant to 28 U.S.C. § 1391(b)(1). [Dkt. No. 1, at ¶ 3]; see also [Dkt. No. 23, at p. 5].

For a case to be properly brought in a given district, that district must also have personal jurisdiction over the defendant. Fuld v. Palestine Liberation Org., 606 U.S. 1, 11 (2025) (quoting Lightfoot v. Cendant Mortgage Corp., 580 U.S. 82, 95 (2017)) ("We have long held that a 'court must have ... power over the parties before it (personal jurisdiction) before it can resolve a case.'"). In the "'paradigm' case, an individual is subject to general jurisdiction in her place of domicile."

3

Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 592 U.S. 351, 358-59 (2021). Because the Defendant maintains a principal place of residence in Indiana, does not purport to be domiciled in any other state, [Dkt. No. 1, at ¶ 3]; see also [Dkt. No. 23, at p. 5], and stated that he resides in Indiana at the December 19th hearing on this matter, the Southern District of Indiana would have personal jurisdiction over the defendant.

Lastly, for a case to be properly brought, the presiding court must have subject matter jurisdiction over the case. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (stating that a complaint must be dismissed in its entirety when a court lacks subject-matter jurisdiction). 28 U.S.C. § 1334(b) grants jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11[]" to "the district courts[.]" 28 U.S.C. § 1334. Nowhere in § 1334 does it state that a civil case arising in or related to an underlying Title 11 case must be brought in the same district as the underlying Title 11 case in order for the district court to have jurisdiction over the resulting civil claims. 28 U.S.C. § 1334(b) (stating that "the district courts" have jurisdiction over civil proceedings "arising in or related to cases under title 11."). Thus, the Southern District of Indiana would also have subject matter jurisdiction over Plaintiff's claims just as the District of Massachusetts does.

### b. The venue transfer factors favor keeping the case in the District of Massachusetts.

After determining whether the suit could be brought in the proposed transferee court, the court must consider the following factors: "1) the plaintiff's choice of forum, 2) the convenience of the parties, 3) the convenience of witnesses and location of documents, 4) any connection between the forum and the issues, 5) the law to be applied and 6) the state or public interest at stake." Kleinerman, 107 F. Supp. 2d at 125.

### i. Plaintiff's choice of forum

As discussed, a plaintiff's choice of forum is entitled to "great weight." Boateng, 460 F. Supp. 2d at 274. Because Plaintiff has chosen to file this case in the District of Massachusetts, [Dkt. No. 1], and opposes Defendant's Motion to Transfer Case to the Southern District of Indiana, [Dkt. No. 25], this factor weighs in favor of maintaining the case in the District of Massachusetts.

### ii. Convenience of the parties

"When considering a motion to transfer, 28 U.S.C. § 1404(a) directs the Court first to consider the convenience of the parties." Kleinerman, 107 F. Supp. 2d at 125. Plaintiff correctly points out that Defendant's argument for why the Southern District of Indiana is the more convenient venue for the parties is limited to the fact that they are both Indiana residents. [Dkt. No. at p. 8]; see also [Dkt. No. 23 at 5-6]. Because "[a] presumption in favor of plaintiff's choice of forum exists, and the burden of proving that transfer is warranted rests with the defendant[,]" Boateng, 460 F. Supp. 2d at 274, Defendant's argument does not rise to the level of establishing that this factor militates in favor of transfer. Further, "The presumption in favor of a plaintiff's choice of forum renders transfer inappropriate where its effect is merely to shift the inconvenience from one party to the other." Id. (quoting Sigros v. Walt Disney World Co., 129 F. Supp. 2d 56, 71 (D. Mass. 2001)). Here, though Defendant contends that the Southern District of Indiana would be more convenient, clearly Plaintiff believes otherwise, and thus transfer on these grounds would be inappropriate.

### iii. Convenience of the witnesses

"Of the factors considered by the court, the convenience of expected witnesses is 'probably the most important factor, and the factor most frequently mentioned.'" Boateng, 460 F. Supp. 2d at 275 (quoting Princess House, 136 F.R.D. at 18). "In considering this factor, the court looks at

5

'the number of potential witnesses located in both the transferor and the transferee district, the nature and quality of their testimony, and whether the witnesses can be compelled to testify.'" Id. (quoting Princess House, 136 F.R.D. at 18). Thus, the party seeking transfer on the basis that another forum would be more convenient to the witnesses, must "specify the witnesses to be called, accompanied by a general statement as to what their testimony will entail." Id. (quoting Princess House, 136 F.R.D. at 18).

Here, Defendant, without identifying any actual witnesses, states "[a]ny prospective deposition of a party or witness would be more conveniently conducted in Indiana where they reside." [Dkt. No. 23, p. 6]. When asked at the December 19th hearing who these witnesses would be, Defendant conceded that they would likely be himself, the Plaintiff, and perhaps one other third party, all of whom reside in Indiana. Plaintiff counters Defendant's argument on this factor by pointing out that two of the key witnesses, the Bankruptcy Trustee, Joseph Baldig, Esq., and the debtor in the underlying bankruptcy case, Luke Leon Tooley, both reside in Massachusetts. [Dkt. No. 25, pp. 3-4]. At the hearing before this Court, Plaintiff's counsel stated that he plans to elicit testimony from Tooley and the Bankruptcy Trustee pertaining to the priority that was sought by Defendant, why the trustee treated Defendant's claim as priority, and proof of claims. Counsel also explained that Tooley would be able to provide testimony bearing on the veracity of Defendant's claim that Tooley owed him child support payments. Because Plaintiff identifies two actual witnesses who have information about the issues in the case and who reside in Massachusetts, this factor favors maintaining the case in this District. See Boateng, 460 F. Supp. 2d at 274 (stating that the party seeking transfer to another district must be able to specify witnesses and what their testimony generally will be); see also Fed. Ins. Co. v. XTRA Intermodal, Inc., 14-

cv-14010-ADB, 2015 WL 4275181 at *6 (D. Mass. July 15, 2015) (expressing preference for the party who is able to name actually witnesses to be called in the district of choice).

    iv.  <u>Connection between the forum and the issues</u>

Also among the factors that a court is to consider in evaluating a transfer motion is the connection between the forum and the issues. <u>Kleinerman</u>, 107 F. Supp. 2d at 125. In a case brought by the plaintiff in this District but where the underlying insurance coverage dispute arose out of the environmental cleanup of a Superfund site in Fairmont City, Illinois, this Court found that this venue transfer factor weighed in favor of transfer to Illinois. <u>First State Ins. Co. v. XTRA Corp.</u>, 583 F. Supp. 3d 313, 319-20 (D. Mass. 2022); <u>see also</u> <u>Fed. Ins. Co.</u>, 2015 WL 4275181 at *6-7 (finding that a case had "stronger, more immediate, and more relevant connection" to another district where underlying litigation took place and property in question was situated). Because the issues in this case arose not only within the jurisdiction of the District of Massachusetts, but within a litigation before the United States Bankruptcy Court for the District of Massachusetts itself, this factor weighs in favor of maintaining the suit within the District of Massachusetts as the dispute has significant connection to the forum. <u>Kleinerman</u>, 107 F. Supp. 2d at 125.

    v.  <u>The state or public interest at stake</u>

This District has, in some cases, considered the state or public interest factor in conjunction with the factor weighing the connection between the forum and the issues as a connection between the forum and the issues can lend itself to the creation of a "significant public interest in the resolution of [a] dispute." <u>See</u> <u>First State Ins. Co.</u>, 583 F. Supp. 3d at 319-20. Here, the allegedly fraudulent filings were submitted in the United States Bankruptcy Court for the District of Massachusetts. [Dkt. No. 25, p. 4]. Accordingly, the District of Massachusetts has an interest in this case – ensuring that filings made in its courts are not fraudulent – that the Southern District of

7

Indiana does not. Notably, Ghosh, the party seeking transfer to the Southern District of Indiana has not identified any interest that Indiana would have in the case in his Motion to Transfer. [Dkt. No. 23]. Thus, this factor leans in favor of maintaining the suit in the District of Massachusetts.

      vi.   The law to be applied

In a case where the choice-of-law question had not been fully briefed by the parties, nor was there a fully developed record on this point, the District of Massachusetts declined to assign substantial weight to this factor. Fed. Ins. Co., 2015 WL 4275181, at *7 (citing Cincinnati Ins. Co. v. O'Leary Paint Co., 676 F. Supp. 2d at 638-39 (W.D. Mich. 2009)). The court also noted that even where there is an answer as to which state's laws would be applied, the applicable law factor is not dispositive. Id. Though this factor is not dispositive, a brief analysis of the choice-of-law question in this case reveals that this factor too favors maintenance of the case in the District of Massachusetts.

The choice-of-law question is determined by a multi-factor analysis. Fed. Ins. Co., 2015 WL 4275181, at *7 (citing Nat'l Union Fire Ins. Co. v. Mead Johnson & Co., No. CIV.A. 11-10042-NMG, 2011 WL 6148656, at *13 (D. Mass. Dec. 8, 2011)). "The first step in a choice of law analysis is to determine whether an actual conflict exists between the substantive laws of the interested jurisdictions," here, Indiana and Massachusetts. Reicher v. Berkshire Life Ins. Co. of Am., 360 F.3d 1, 4 (1st Cir. 2004). Under Indiana law, "[t]he essential elements of actual fraud are a false material representation of past or existing facts, made with knowledge or reckless ignorance of the falsity, which causes reliance to the detriment of the person relying on the representation." Comfax Corp. v. N. Am. Van Lines, Inc., 587 N.E.2d 118, 125 (Ind. Ct. App. 1992). Under Massachusetts law, the basic elements of a claim sounding in fraud or deceit are "that the defendant [or its agent], made a false representation of a material fact with knowledge of

its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to [its] damage." Reisman v. KPMG Peat Marwick LLP, 57 Mass.App.Ct. 100, 108-09 (2003).

While the basic elements of a fraud claim are the same in both states, there are differences in the knowledge and causation elements. Notably, Massachusetts requires that the plaintiff prove that the defendant had knowledge of the falsity of their representation, id., whereas under Indiana law, a plaintiff need only prove that the defendant made the false representation with "reckless ignorance of the falsity." Comfax, 587 N.E.2d at 125. As to causation, Massachusetts requires that the plaintiff be able to prove that the defendant made the misrepresentation "with the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to [its] damage." Reisman, 57 Mass.App.Ct. at 108-09. Under Indiana law, by contrast, the plaintiff meets his burden as to causation by proving simply that the falsity "cause[d] reliance to the detriment of the person relying on the representation[,]" and need not prove that this was the purpose of defendant's misrepresentation. Comfax, 587 N.E.2d at 125.

With respect to Plaintiff's misrepresentation[1] claim, "[u]nder Massachusetts law, a common-law action for fraudulent misrepresentation requires showing that (1) the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing [the plaintiff] to act thereon; (2) the plaintiff relied upon the representation as true and acted upon it to his [or her] detriment; and (3) such reliance was reasonable under the circumstances." H1 Lincoln, Inc. v. South Washington Street, LLC, 489 Mass. 1, 18-19 (2022) (internal quotations omitted). In Indiana, to establish a cause of action for fraudulent misrepresentation, a plaintiff

---

[1] Massachusetts has causes of action for negligent misrepresentation, intentional misrepresentation, and fraudulent misrepresentation. Plaintiff's Complaint states merely that Plaintiff is bringing a claim for "misrepresentation." [Dkt. No. 1 at ¶ 14-23]. The Court conducts the choice of law analysis as if Plaintiff has brought a claim for fraudulent misrepresentation as that seems to be the most fitting based on Plaintiff's other claim.

must demonstrate: "(1) that the defendant made false statements of past or existing material facts; (2) that the defendant made such statements knowing them to be false or recklessly without knowledge as to their truth or falsity; (3) that the defendant made the statements to induce the plaintiff to act upon them; (4) that the plaintiff justifiably relied and acted upon the statements; and (5) that the plaintiff suffered injury." Dickerson v. Strand, 904 N.E.2d 711, 715 (Ind. Ct. App. 2009). Here too the elements of a fraudulent misrepresentation claim in either state differ as to what the plaintiff is required to prove to establish his claim. Specifically, the states differ in the degree of knowledge that the plaintiff must prove the defendant had, whether the plaintiff must prove that the defendant made the misrepresentation with intent to deceive, and whether the plaintiff must be able to establish an injury. H1 Lincoln Inc., 489 Mass. at 18-19; Dickerson, 904 N.E.2d at 715.

The First Circuit has stated that there is no actual conflict of law when "the outcome is the same under the substantive law of either jurisdiction." State Farm Fire and Casualty Co. v. Pike, 389 F. Supp. 3d 94, 98 (D. Mass. 2019) (quoting Lambert v. Kysar, 983 F.2d 1110,1114 (1st Cir. 1993)). Here, because the plaintiff's burden differs with respect to each of the claims in Indiana and Massachusetts, there is a not insignificant likelihood that the outcome of the case may differ as well, and thus, there is an actual conflict between the substantive law of the jurisdictions. Id.; see also Burleigh v. Alfa Laval, Inc., 313 F. Supp. 3d 343, 350 (D. Mass. 2018) (finding that a choice of law analysis was warranted where wrongful death statutes in Maine and Massachusetts imposed different standards of liability and burdens of proof); Levin v. Dalva Brothers, Inc., 459 F.3d 68, 73-74 (1st Cir. 2006) (finding a conflict between Massachusetts and New York fraud statutes because they required proof by different standards).

Where there is an actual conflict of law, the next step is to determine which state's choice of law rules should be applied to the claims. Reicher, 360 F.3d at 5. In a case where the District of Maine had federal question jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1334, which grants jurisdiction to the district courts over all civil proceedings arising under Title 11 of the United States Code, as well as supplemental jurisdiction over state-law claims which arose from the same set of facts, the court applied the choice-of-law rules of the forum state to plaintiff's supplemental claims. DeLeo v. Jones, No. 2:21-cv-00226-JAW, 2024 WL 1258420 at *13 (D. Me. Mar. 25, 2024); see also U.S. ex rel. Lokosky v. Acclarent, Inc., 675 F.Supp.3d 15, 25 (D. Mass. 2023) (citing Bi-Rite Enters., Inc. v. Bruce Miner Co., 757 F.2d 440, 442 (1st Cir. 1985) ("Where, as here, a federal court exercises supplemental jurisdiction over state law claims, it applies the choice of law rules of the state in which it sits.")). This Court, therefore, looks to the choice-of-law rules of Massachusetts in determining the law to be applied to Laconi's state-law claims which this Court has jurisdiction over pursuant to 28 U.S.C. § 1367. U.S. ex rel. Lokosky, 675 F. Supp. 3d at 25.

Massachusetts state courts apply a "functional choice of law approach that responds to the interests of the parties, the States involved, and the interstate system as a whole." Reicher, 360 F.3d at 5. "Traditionally, in matters of tort, the courts of [Massachusetts] apply the substantive laws of the jurisdiction wherein the tort occurred." U.S. ex rel. Lokosky, 675 F.Supp.3d at 26 (citing Cosme v. Within Mach. Works, Inc., 417 Mass. 643, 645 (1994)). Plaintiff brings claims of misrepresentation and fraud/deceit. [Dkt. No. 1 at ¶¶ 14-32]. Here, the allegedly misrepresentative and fraudulent filings were submitted in a District of Massachusetts bankruptcy case. Id. at ¶ 1. Based on this fact, the tort occurred in Massachusetts, and, thus, Massachusetts law should be applied.

### IV. CONCLUSION

On balance, the factors weigh in favor of maintaining the suit in the District of Massachusetts. This is especially so because plaintiff's choice of forum is afforded great weight, Boateng, 460 F. Supp. 2d at 274, and, as noted, the Plaintiff has filed suit in the District of Massachusetts, [Dkt. No. 1], and has opposed the Defendant's Motion to Transfer. [Dkt. No. 25]. The convenience of the witnesses, another factor which the law assigns great importance, see Boateng, 460 F. Supp. 2d at 275, also favors denial of Defendant's Motion.

Defendant acknowledged at the hearing before the Court that it is his burden to prove that transfer is warranted. See Boateng, 460 F. Supp. 2d at 275. Because this Court finds that Defendant has failed to meet that burden, Defendant's Motion to Transfer Case to the Southern District of Indiana is denied.

**So ordered.**

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge