**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| LANCE LACONI, Plaintiff, v. MICHAEL GHOSH, Defendant. | ) | **CIVIL ACTION NO. 25-CV-10107** |

**ORDER**

**October 13, 2026**

**Hennessy, M.J.**

## I. BACKGROUND

Plaintiff Lance Laconi ("Laconi") filed this suit on January 15, 2025, bringing claims of Misrepresentation and Fraud/Deceit in violation of 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). [Dkt. No. 1, at ¶ 32]. This matter arises out of the Chapter 7 Bankruptcy case of Luke Leon Tooley ("Tooley") brought in the United States Bankruptcy Court for the District of Massachusetts, and names Michael Ghosh ("Ghosh") as the Defendant. Id. at ¶¶ 1, 6-13. In Tooley's bankruptcy case, Laconi filed a Proof of Claim ("POC 2") for $9,200.00. Id. at ¶ 7. Subsequently, Ghosh filed a Proof of Claim ("POC 3") in Tooley's case for a $159,567.13 claim. Id. at ¶ 8. Ghosh claimed that $47,300.51 of his claim was entitled to priority status as a domestic support obligation. Id. at ¶ 8. The bankruptcy trustee ultimately distributed $7,500.00 to Ghosh from Tooley's bankruptcy estate on the priority portion of Ghosh's claim. Id. at ¶ 9. Laconi now alleges that Ghosh falsely represented that $47,300.51 comprised a domestic support obligation and because Ghosh's claim was treated as priority, compromised Laconi's distribution from Tooley's bankruptcy estate. Id. at ¶¶ 9-13.

Before the Court are Ghosh's motion to compel discovery, see [Dkt. No. 41], and, as a sanction pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) and Massachusetts Rule of Civil Procedure 37(b)(2) for failure to produce court-ordered discovery, a motion to dismiss. See [Dkt. No. 48]. The Court held a hearing on both motions on October 9, 2026. See [Dkt. No. 55]. For the reasons set forth below and set forth in the hearing, Ghosh's motion to compel is denied as moot; his motion to dismiss the complaint is denied; however, as a sanction for Laconi's failure to comply with the Court's order to produce discovery, Laconi's counsel shall pay a $1,500 fine on or before October 16, 2026 to the United States District Court.

## II. DISCOVERY DISPUTE

On April 8, 2026, I held a scheduling conference with the parties, during which I set a soft discovery deadline of August 5, 2026, and scheduled a case management conference for August 6, 2026. See [Dkt. No. 40]. On July 23, 2026, Ghosh filed a motion to compel discovery, requesting that Laconi provide full and complete responses to Ghosh's first set of interrogatories. See [Dkt. No. 41]. In support of his motion to compel, Ghosh stated that he served his first set of interrogatories on March 23, 2026, and that, according to the Federal Rules of Civil Procedure, Laconi's responses were due on or before April 25, 2026. See id. at ¶¶ 1-2. Laconi had not served responses as of July 23, 2026 when Ghosh filed the motion to compel. See id. at ¶ 3.

At the August 6, 2026 case management conference, I ordered Laconi to respond to any unobjected-to interrogatories served by Ghosh and the pending motion to compel within 7 days. See [Dkt. No. 43]. I also ordered that Laconi file any objections to the interrogatories by 11:59 PM on August 6, 2026. See id. Laconi failed to comply with any of the Court's August 6 orders.

On September 3, 2026, not having received any responses to his interrogatories, any opposition to his motion to compel, or any objections to his interrogatories, Ghosh moved pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) and Massachusetts Rule of Civil Procedure 37(b)(2) to dismiss the case or, in the alternative, take as established that Laconi was not the proper party to prosecute the complaint, noting Laconi's failure to comply with the Court's August 6, 2026 order. See [Dkt. No. 48 at ¶ 9]. Thus, Ghosh moved for an order that either: "(1) the matter or fact that Laconi is not the proper party-Plaintiff shall be taken as established for the purposes of this action; (2) Laconi is not allowed to support or oppose Ghosh's defense that Laconi is not the proper party-Plaintiff and prohibiting him from introducing designated matters in evidence in opposition to that defense; and/or (3) dismissing the action, and for all other relief just and proper in the premises." Id. at p. 3.

Laconi's response to Ghosh's motion to dismiss was due on September 17, 2026. Laconi never responded to Ghosh's motion to dismiss, nor did Ghosh's motion to dismiss – which was premised entirely on the missing discovery – prompt Laconi to provide the discovery.

The parties were scheduled to mediate this case on October 8, 2026. See [Dkt. No. 46]. In advance of that mediation, on October 5, 2026, the parties had a pre-mediation call with Magistrate Judge Kenneth Neiman. See [Dkt. No. 49]. The parties notified Judge Neiman that as Ghosh's motion to compel and motion to dismiss were pending the case was not ripe for mediation; Judge Neiman continued the October 8, 2026 mediation pending my decision of these matters. See [Dkt. No. 51].

On October 8, 2026, I scheduled a hearing on these motions for the morning of October 9, 2026. See [Dkt. No. 53]. At that point, Laconi filed his opposition to Ghosh's motion to

dismiss, stating therein that he had served discovery responses to Ghosh that very same day, October 8, 2026. See [Dkt. No. 54].

## III. FEDERAL RULE OF CIVIL PROCEDURE 37

Federal Rule of Civil Procedure 37(b)(2)(A) lays out the sanctions available to the court when a party fails to comply with a discovery order. See Fed. R. Civ. P. 37(b)(2)(A). It states that further orders may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Rule 37(b)(2)(A) specifically states that a court "may" issue further orders when a party fails to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A). As such, the extreme sanction of dismissal is discretionary, and Rule 37 does not require that the court impose it nor any of the other sanctions listed for that matter. See Corchado v. Puerto Rico Marine Management, Inc., 665 F.2d 410 (1st Cir. 1981) ("district court's discretion to use the extreme sanction of dismissal for failure of counsel to respond properly to discovery orders or to fail to appear at scheduled conferences or hearings will be upheld unless abused.").

## IV. MOTION TO COMPEL

Ghosh's motion to compel responses to the six interrogatories to which I had ordered Laconi to respond is mooted by Laconi's providing those responses on October 8, 2026. Accordingly, that motion is denied as moot.

## V. MOTION TO DISMISS

As discussed, Rule 37(b)(2)(A) lays out a number of sanctions that a court can impose for a party's failure to comply with a court order to produce discovery, dismissal of the suit with prejudice being the harshest, save for holding the party in contempt of court. See Fed. R. Civ. P. 37(b)(2)(A); Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 4 (1st Cir. 2006). "[I]t has long been [the First Circuit's] rule that a case should not be dismissed with prejudice except 'when a plaintiff's misconduct is particularly egregious or extreme.'" Id. at 5 (quoting Benjamin v. Aroostook Med. Ctr., Inc., 57 F.3d 101, 107 (1st Cir. 1995)). This reflects the law's strong preference that cases be decided on their merits. See Keane v. HSBC Bank USA for Ellington Trust, series 2007-2, 874 F.3d 763, 765 (1st Cir. 2017).

At the October 9, 2026 hearing on these motions, Ghosh explained that he tailored his prayer for relief – dismissal, an order establishing that Laconi is not the proper party-Plaintiff, or an order that Laconi is prohibited from supporting, opposing, or introducing designated matters in evidence in opposition to Ghosh's defense that Laconi is not the proper party-Plaintiff – in part because, as a lawyer representing himself *pro se*, he cannot request the lesser sanction that the Court award attorney's fees. See Fed. R. Civ. P. 37(b)(2)(C).

There is no question that Laconi's counsel's conduct in this case constitutes a disregard for the discovery rules and the Court's orders. As discussed above, Ghosh originally requested that Laconi respond to a mere six interrogatories on March 23, 2026, making Laconi's responses due on April 25, 2026. Ghosh then filed a motion to compel on July 23, 2026 – three months after Laconi's responses were originally due – in an effort to get the discovery he requested. On August 6, 2026, I spoke to Laconi's counsel at a case management conference and ordered him to produce the already late discovery by the following week. Laconi's counsel did not express

any concern regarding his ability to comply with that order. A month later, on September 3, 2026, Ghosh filed the pending motion to dismiss because Laconi's counsel still had not complied with my order. The filing of this motion to dismiss also did not prompt any action from Laconi's counsel. Another month went by and Judge Neiman continued the parties' scheduled mediation largely because discovery had not been turned over. Still, Laconi's counsel did not provide the discovery which he had been ordered to turn over two months earlier or respond to either of Ghosh's motions.

It was only when I set the case for a hearing on these motions that Laconi's counsel finally filed an opposition to the motion to dismiss and provided Ghosh with responses to the six interrogatories that Ghosh served on him six and a half months prior. In his opposition to Ghosh's motion to dismiss and in his oral representations to the Court at its October 9, 2026 hearing, to his credit, Laconi's counsel took full responsibility for this failure, but provided no plausible explanation for his delay and disregard for the Court's orders.

Despite Laconi's counsel's behavior, I am denying Ghosh's motion to dismiss this case because of the law's strong preference that cases be decided on their merits. See Keane, 874 F.3d at 765 (1st Cir. 2017). For the same reason, I am denying Ghosh's other requests – that I issue an order establishing that Laconi is not the proper party-Plaintiff or an order that Laconi is not allowed to support or oppose Ghosh's defense that Laconi is not the proper party-Plaintiff and prohibiting him from introducing designated matters in evidence in opposition to that defense – as those would work the same result as a dismissal of the case.

Still, I cannot countenance Laconi's counsel's failure to obey the Court's orders or the requirements of the Federal Rules of Civil Procedure. "Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly

and expeditious disposition of cases.'" Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 107 (2017) (quoting Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962)). "That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" Id. (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991)). Delaying a response to six interrogatories for more than six months and responding only upon the scheduling of a second hearing to discuss the matter is surely a waste of the Court's time and an abuse of the judicial process. Consequently, Laconi's counsel is ordered to pay to the United States District Court for the District of Massachusetts the sum of $1,500 no later than October 16, 2026.

## VI. CONCLUSION

For the reasons stated above, Ghosh's motion to compel is denied as moot, Ghosh's motion to dismiss is denied, and Plaintiff's counsel is ordered to pay to the United States District Court for the District of Massachusetts the sum of $1,500 no later than October 16, 2026.

So ordered.

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge